UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In re:    Crystal Renee Baker,                                    19-72302-SCS
                Debtor.                                           Chapter 13

## MOTION TO DISMISS WITH PREJUDICE UNDER 11 U.S.C. §§ 1307(c), 349(a), AND 105(a) AND ENJOINING DEBTOR FROM FILING ANOTHER CASE FOR FOUR YEARS

John P. Fitzgerald, III, Acting United States Trustee for Region Four, by counsel, files

this Motion to Dismiss with Prejudice under sections 1307(c), 349(a), and 105(a) and impose a

bar to refiling for a period of not less than four years. In support of his motion, the U.S. Trustee

states:

### JURISDICTION

1.        The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the

Order of Reference of the U.S. District Court for the Eastern District of Virginia dated August

15, 1984. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of this proceeding

is proper under 28 U.S.C. §§ 1408 and 1409.

### FACTS

2.        On June 17, 2019 (Petition Date), the debtor filed a voluntary chapter 13

bankruptcy petition under Title 11 of the United States Code.

3.        The debtor filed this case under the social security number XXX-XX-0384.

4.        Michael P. Cotter serves as the Standing Chapter 13 Trustee in this case.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA  23510
(757) 441-6012

5.      On July 1, 2019, the debtor filed her Schedules and Statement of Financial Affairs (Schedules and Statements). *See* ECF No. 20.

6.      The debtor signed the Schedules and Statements under penalty of perjury and attested that she read the Schedules and Statements prior to filing and that the information contained therein was true and correct to the best of her knowledge, information and belief.

7.      On July 1, 2019, the debtor filed her proposed chapter 13 plan. *See* ECF No. 21.

8.      The debtor disclosed that she owns a 2010 Acura TSX on her Schedule B. *See* Schedule A/B, Part 2, Lines 3.1, ECF No. 20.

9.      The Acura is subject to a lien held by North State Acceptance. *See* Schedule D, Part 1, Line 2.1, ECF No. 20.

10.     The debtor failed to list North State on her creditor matrix. *See* Creditor Matrix, ECF No. 4.

11.     On July 5, 2017, North State filed a motion for relief as to the Acura. *See* ECF No. 23.

12.     On August 5, 2019, the court entered an order granting relief from the automatic stay. *See* ECF No. 34.

13.     The debtor failed to appear at her 341(a) meeting of creditors held on July 22, 2019. *See* ECF No. 28.

14.     The debtor failed to commence chapter 13 plan payments. *See* ECF No. 33.

15.     The debtor failed to provide proof of income and tax returns to the Standing Chapter 13 Trustee as required by 11 U.S.C. § 521.

16.    The debtor has filed two previous bankruptcy petitions in the United States

Bankruptcy Court for the Eastern District of Virginia. The bankruptcy petitions and disposition

of each case are as follows:

   a.  Case No. 06-70452-SCS, Chapter 7, filed April 5, 2006; discharge entered on
       July 10, 2006.

   b.  Case No. 14-71486-SCS, Chapter 7, filed April 23, 2014, *pro se*; discharge
       entered on July 31, 2014.

17.    Each of the foregoing cases was filed under the social security number XXX-XX-

0384. *See* Exhibit 1 (Docket Reports).

18.    On August 2, 2017, the Court entered an Order Imposing Fines and Ordering

Disgorgement of Fees pursuant to 11 U.S.C. § 110 against the debtor. *See In re Beverly*, No. 16-

74102-SCS, ECF No. 47. *See* Exhibit 2 (Disgorgement Order).

19.    On May 10, 2018, the debtor submitted a vehicle loan application to North State

under the social security number XXX-XX-6501. *See* Exhibit 3 (Application).

20.    The debtor provided North State with pay advices and a 2017 w-2 bearing social

security number XXX-XX-6501. *See* Exhibit 4 (Financial documents).

21.    North State approved the debtor's vehicle loan application based upon the

information she provided. *See* Motion for Relief ¶ 17, ECF No. 23.

22.    The 2017 w-2 reflects that the debtor earned $66,560. *See* Exhibit 4.

23.    The debtor disclosed 2017 gross yearly income of $22,511 on her Statement of

Financial Affairs. *See* Statement of Financial Affairs, Part 2, Question 4, ECF No. 20.

24.    On March 30, 2013, the debtor formed Pretty in Pink, LLC. *See* Exhibit 5

(Formation documents).

25.     Upon information and belief, the debtor operated Pretty in Pink through May 9, 2017. *See* Exhibit 6 (SCC Report).

26.     The debtor failed to disclose Pretty in Pink in her Schedules and Statements. *See* Statement of Financial Affairs, Part 11, Question 27, ECF No. 20.

27.     On August 21, 2019, the U.S. Trustee received verification from the Social Security Administration that social security number XXX-XX-6501 is an invalid number. *See* Exhibit 7 (SSA Correspondence).

## LEGAL ARGUMENT

28.     The debtor's conduct merits an order dismissing this case with prejudice, denying the discharge of her current debts in any future case, and imposing an injunction on refiling for a period of not less than four years.

### a. 11 U.S.C. § 1307(c)

29.     The protections provided by Bankruptcy Code are reserved for the "honest but unfortunate debtor." *See Grogan v. Garner,* 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also In re An Unknown Group of Cases Seeking to be Filed*, 79 B.R. 651, 653 (Bankr. E.D.Va. 1987) ("The prospective debtors come by privilege. They come seeking much relief which bankruptcy can surely afford, but no right exists to say, I am perfectly entitled to come without terms.") (citations omitted). This debtor is not the "honest but unfortunate debtor."

30.     A court may dismiss a chapter 13 case "for cause." 11 U.S.C. § 1307(c); *see also No. v. Gorman*, 891 F.3d 138, 140 (4th Cir. 2018).

31.     The term "cause" is not defined by the Bankruptcy Code, but section 1307(c) contains a non-exhaustive list of examples of "cause" for dismissal or conversion of a chapter 13

case. *See* 11 U.S.C. § 1307(c)(1)-(11); *see also In re Pratola*, 589 B.R. 779, 787 (N.D.Ill. 2018) (citations omitted).

32.  A debtor's bad faith constitutes "cause" for dismissal under section 1307(c). *See In re Kestell,* 99 F.3d 146, 148 (4th Cir. 1996).

33.  The debtor has used one social security number to file bankruptcy petitions before this court and a separate false social security number to obtain credit.

34.  As previously noted, the debtor filed three bankruptcy petition in this court under the social security number XXX-XX-0384. *See* Exhibit 1.

35.  The debtor submitted a vehicle loan application under the social security number XXX-XX-6501. *See* Exhibits 3.

36.  The debtor filed this instant case to gain the protections of the automatic stay, but failed to include North State on her creditor matrix.

37.  The debtor's conduct of using a false social security number to obtain credit and manipulate the bankruptcy process is cause for dismissal under section 1307(c). *See In re Leavitt*, 171 F.3d 1219, 1225 (9th Cir. 1999); *see also In re Ciarcia*, 578 B.R. 495, 502 (Bankr. D.Conn. 2017); *In re Cameron*, No. 13-10115, 2013 WL 1686300, at *5 (Bankr. D.Mass. April 18, 2013); *In re Belden*, 144 B.R. 1010, 1021 (Bankr. D. Minn. 1992).

38.  The debtor's failure to provide accurate disclosures and failure to fulfill her statutory duties imposed upon her by the Bankruptcy Code is additional cause for dismissal under section 1307(c). *See In re Llanos*, 578 B.R. 700, 709 (Bankr. D.P.R. 2017).

39.  "The cornerstone of any bankruptcy case is a debtor's fidelity to candid and accurate financial disclosure." *In re Tornheim*, 239 B.R. 677, 684 (Bankr. E.D.N.Y. 1999); *see also In re Walker,* 323 B.R. 188, 198 (Bankr. S.D.Tex. 2005).

40.     Courts expect a debtor that seeks its protection to deal with the court, trustee, and creditors with candor. *In re Halishak*, 337 B.R. 620, 624 (Bankr. N.D.Ohio 2005); *see also In re Zaver*, 520 B.R. 159, 166 (Bankr. M.D.Pa. 2014).

41.     The debtor failed to include North State on her creditor matrix, failed to accurately disclose her 2017 year to date income and failed to disclose her previous business ventures in her Schedules and Statements. The debtor's lack of candor to the court, trustee, and parties in interest is further evidence of bad faith and is cause for dismissal under section 1307(c). *See In re Bouchard*, 560 B.R. 385, 398 (Bankr. D.R.I. 2016).

42.     Additionally, the debtor failed to appear at her 341(a) meeting of creditors, failed to commence chapter 13 plan payments and failed to produce evidence of income and tax returns in violation of her statutory duties. *See* 11 U.S.C. §§ 343, 521, 1326(a)(1). Collectively, these actions provide additional grounds for dismissal. *See In re Bernard*, 40 F.3d 1028, 1030 n. 1 (9th Cir. 1994); *see also In re Witkowski*, 523 B.R. 300, 306-07 (1st Cir. BAP 2014) (citations omitted).

**b. 11 U.S.C. § 349(a)**

43.     Section 349(a) provides that a court may enter an order dismissing a case with prejudice and prohibit a debtor from obtaining a subsequent discharge of all existing debts. 11 U.S.C. § 349(a); *see also In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997) (citations omitted).

44.     Prohibiting a debtor from obtaining a subsequent discharge of all existing debts is an appropriate remedy when the debtor has shown a pattern of "delay and contumacious conduct." *In re Martin–Trigona,* 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983*); see also Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1223–24 (9th Cir. 1999).

45.    In determining whether to impose a permanent bar to the discharge of existing debts, the court must make a finding that the debtor's behavior is egregious and demonstrates bad faith. Examples of bad faith behavior include "concealing information from the court, violating injunctions, or filing unauthorized petitions." *Tomlin*, 105 F.3d at 937 (citations omitted).

46.    The debtor filed this case for the sole purpose of invoking the protections of this Court to shield her from the consequences of her fraudulent conduct. Moreover, the debtor filed this case without any intent to fulfil her statutory obligations required by the Bankruptcy Code. The debtor's actions are an affront to the court's authority and responsibility to protect the bankruptcy system. *See In re Norton*, 319 B.R. 671, 684 (Bankr. D.Utah 2005) ("This Debtor has systematically manipulated the bankruptcy system and used it as her own personal shield from creditors' collection efforts—such abusive conduct cannot be condoned and will not be tolerated.").

47.    The debtor has manipulated the bankruptcy system in the furtherance her fraudulent scheme. The debtor's conduct is egregious. A dismissal order with prejudice prohibiting the debtor from obtaining a subsequent discharge of all existing debts is appropriate. *See In re Johnson*, 281 B.R. 269, 271 (Bankr. W.D.Ky. 2002); *In re Singer,* No. 00-08620-6B3, 2001 WL 1825791, *3 (Bankr. M.D.Fla. Aug. 1, 2001); *In re Covino,* 245 B.R. 162, 169–70 (Bankr. D.Idaho 2000).

**c. 11 U.S.C. § 105(a)**

48.    Pursuant to section 105(a), the bankruptcy court has authority under its inherent powers to enjoin a debtor from refiling another case. *In re Jolly* 143 B.R. 383, 388 (E.D.Va.

1992) *aff'd*, 45 F.3d 426 (4th Cir. 1994); *In re Weaver*, 222 B.R. 521, 522-23 (Bankr. E.D.Va. 1998) (citations omitted).

49.     Enjoining a debtor from refiling another case is an appropriate sanction to combat abuses to the bankruptcy process. *Weaver,* 222 B.R. at 524; *In re Robertson*, 206 B.R. 826 (Bankr. E.D.Va. 1996).

50.     As noted above, the debtor failed to provide accurate financial information in her Schedules and Statements. Additionally, the debtor failed to comply with her statutory duties imposed upon her by the Bankruptcy Code. *See* 11 U.S.C. §§ 343, 521, 1326(a)(1).

51.     The debtor also used a false social security number to obtain credit and failed to provide notice of the bankruptcy to North State. The debtor's behavior, outlined above, reflects an abuse on the bankruptcy system.

52.     Given debtor's egregious behavior, a bar on refiling for a period of no less than four years is appropriate. *See In re Anderson*, 248 B.R. 726, 727 (Bankr. S.D.N.Y. 2000) (permanent bar on filing another case for using a false social security number).

<u>**CONCLUSION**</u>

WHEREFORE the U. S. Trustee prays that the Court enter an order dismissing this case with prejudice, prohibiting the debtor from obtaining a subsequent discharge of all existing debts, and that the debtor, Crystal Renee Baker, be barred from filing any case, under any chapter of the United States Bankruptcy Code, in any jurisdiction of the United States, for a period of no less than four years; and grant such further relief as the Court deems appropriate and just.

Respectfully Submitted,
John P. Fitzgerald, III
Acting U.S. Trustee for Region Four

By <u>/s/ Nicholas S. Herron</u>

Kenneth N. Whitehurst, III, Esq.
Assistant U.S. Trustee

Nicholas S. Herron, Esq.
Trial Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that on **<u>August 21, 2019</u>** service on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09. A copy of this Motion, Notice of Motion and exhibits was mailed on the same date by First Class U.S. Mail, postage prepaid addressed as follows: Crystal Renee Baker, 628 Timon Ct. #201, Virginia Beach, Virginia 23462 and sent via electronic correspondence to: crystalbakerva@outlook.com.

/s/ Nicholas S. Herron